GALLUP, *Appellee, v.* MULVAH, *Appellant.*

Fence viewers have no power, by virtue of their office, under chap. 136 of the Revised Statutes, to settle controversies in regard to disputed lines between adjoining owners; nor have they power to make a division of fences between adjoining owners, except upon the true line between them.

To sustain the action of assumpsit for a contribution in defraying the expenses of fence viewers in making a division of fences, under the 14th section of chap. 136, Rev. Stat., a party must show, *prima facie*, that the fence divided is upon the true line between the adjoining owners. For this purpose, evidence that would sustain an action of trespass, would ordinarily be sufficient.

A party cannot, by raising a dispute about the line, deprive the fence viewers of jurisdiction; but he may show, in defence of an action of assumpsit by the adjoining owner for contribution, that the fence divided is not on the true line.

ASSUMPSIT for two dollars, paid, laid out and expended. It was admitted that the parties are severally owners of adjoining lots of land in the town of Lebanon, upon which there was a fence between them; that they could not agree about the division of the fence; that the defendant contended that the fence was not on the true line; that the fence viewers of the town were called out, who made division where the fence was to be built, which was on the line of the old fence; and they also decided how much and what part of the division fence each party should build and keep in repair; that the plaintiff paid the fence viewers for their services the sum of four dollars, being the amount of the fees allowed by law for the time spent in making the division; and that this action is brought to recover of the defendant one half of the sum so paid to the fence viewers, and which he was to pay to the plaintiff, according to their award or decision.

A verdict was taken, by consent, for the plaintiff, and judgment to be rendered thereon, or the verdict to be set aside and a new trial granted, according to the opinion of this court upon the foregoing facts.

*D. Blaisdell,* for the plaintiff. 1. The fence viewers were called out to make division of the fence. There was an old

Gallup *v.* Mulvah.

fence on or near the division line. No evidence was offered to show, or tending to show that said fence was not on the line. The fence viewers had a right to presume that it was so, and in the absence of all evidence to the contrary, were bound to. It was not denied that the fence was in the direction of the division line and near it.

The mere denial of the defendant that the fence was on the line, could not divest the fence viewers of their jurisdiction. If such were the law, then it would be in the power of one adjoining owner, at any time, to prevent a division of the fence by setting up the pretence that the line was in dispute. Certainly it would be incumbent on him to show by some competent evidence that the line was uncertain or unknown; and especially so where, as in this case, it was fairly to be presumed that it had been agreed upon and settled by the erection of a fence, and suffering it to remain undisturbed, until it had gone to decay. *Eaton* v. *Rice*, 8 N. H. Rep. 378.

2. But whether the fence viewers were correct or not in their decision, they were entitled to their fees; and the plaintiff having paid them, is entitled to this action to recover one half thereof of the defendant.

The statute has compelled them to attend and perform any duties required by law, under a penalty. It would be unreasonable, therefore, to say that they should not be entitled to their fees, for it is not pretended they were guilty of any intentional wrong. But the statute has likewise provided that their fees shall be paid equally by the parties, unless, in the opinion of the fence viewers themselves, justice requires a different division of the costs; in which case they may so order. But they have ordered that each party should pay one half. Their decision is therefore conclusive upon this point, and seems to settle the whole case, whatever view may be taken as to the correctness of their division of the fence. *Baker* v. *Lakeman*, 12 Met. Rep. 196.

*Duncan*, for the defendant.

EASTMAN, J.　By the Revised Statutes, chap. 136, § 1, it is provided that the owners of adjoining lands, under improvement, shall build and repair the partition fence between them in equal shares.

The third section of the same chapter provides, that if the parties do not agree upon a division, the fence viewers of the town, upon application, shall make such division ; which, being recorded in the town records, shall be of the same force as a division made by the parties, and a copy of such record shall be evidence.

The fourteenth section fixes the compensation of the fence viewers, and requires that it shall be paid by the party making the application, and that he shall be entitled to demand and recover the one half thereof of the other party, in an action of assumpsit for money paid for his use ; unless, in the opinion of the fence viewers, justice requires a different division of the costs, in which case they may so order.

It is upon these sections of the statute that this action is founded. No exception is taken to the regularity of the proceedings on the part of the party making the application, nor is it contended that the money has not been paid ; but the question arises whether sufficient facts appear upon the case to warrant the court in ordering judgment for the plaintiff.

This proceeding is entirely statutory. The money paid, and for the recovery of which the action of assumpsit is given, is for a consideration created by statute upon certain acts done. To recover it, these acts must be in conformity with the statute. It must appear that the division has been made between the adjoining owners upon the representation of one or both the parties ; that one of them has refused to pay the part awarded for him to settle, and that the division has been made upon the true line between them.

Fence viewers, as such, have no power to fix the line between adjoining owners. They cannot legally determine the extent and boundaries of the farms of the owners, and settle their titles and rights. Their powers extend to the division of the fence

merely; and before anything can be recovered for their services, it should appear, at least *prima facie*, that the fence divided is upon the true line. It is true that a party cannot deprive the fence viewers of jurisdiction, by asserting that there is a dispute in regard to the line. Such a construction would prevent the action of the fence viewers in very many if not most cases where they might be called out, as the party who might anticipate an adverse decision would be very likely to raise a dispute as to the line. Still, one who seeks to recover for money paid for the services of fence viewers, must show that he called them to divide the fence on the true line between himself and the adjoining owner. He cannot recover for a division of fence which is upon his own land, neither for the division of that which is upon his neighbor's land. If so, fence viewers could settle not only disputes in regard to fences, but all controversies in regard to lines.

' To sustain an action, a party would not, in the first instance, be required to go into the title of his land. Occupation by both parties up to the line divided, and such evidence as would make out a *prima facie* case for a plaintiff in trespass, would ordinarily be sufficient. The defendant can, then, if he would avoid the payment, show that the division is not upon the true line between the owners; and if he succeeds in that, he must prevail in his defence, because the statute gives no remedy for money expended in a division which is not upon the line. The proceedings of the fence viewers in dividing a fence which is not upon the line between the owners, must all be void; and although they may have a remedy against the party calling them out for services rendered at his request and by his direction, yet he can have no claim upon an adjoining owner for a division which is not made upon the line.

By an examination of the facts reported in this case, it will be seen that sufficient evidence does not appear on which to render judgment. Had the facts been submitted to the jury, and had they found, under the instructions of the court upon the law, that the line of the old fence was the true line between the par-

ties, it would have answered ; but the most the case now finds is, that the fence viewers made a division on the line of the old fence. Before judgment can be rendered for the plaintiff it must appear, *prima facie,* either from the evidence reported or the verdict of the jury, that the fence divided was upon the true line. The verdict must therefore be set aside, and a

*New trial granted.*